[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition dated October 26, 2001, petitioner seeks a writ of habeas corpus. for reasons hereinafter, the petition is dismissed.
On September 15, 1995, in the Superior Court for the Judicial District of New Haven, a sentence of 18 years execution suspended after 15 years was imposed on petitioner. At all times relevant, he was incarcerated, serving such sentence, in the custody of respondent.
On or about June 19, 2000, at the institution where petitioner was then confined, a general shake down was held with all prisoners being removed from their cells and the cells then being searched by respondent's officers. The next morning after returning to his cell, petitioner observed a stainless steel pen. He realized that it would be a violation of the rules to have such an instrument and surmised that it had been dropped by an inspecting officer during the shake down inspection.
Petitioner turned in the pen which he characterized as a dangerous weapon to the proper authority. After returning the pen, petitioner claimed an outstanding meritorious performance award (OMPA). As an inmate convicted of a crime which occurred before October 1, 1994, he was eligible for OMPA consideration. Connecticut General Statutes § 18-98b
provides that "in the discretion of the commissioner of correction" one hundred and twenty days may be deducted from the term of imprisonment of a sentenced prisoner for OMPA. By Administered Directive 9.1, dated August 3, 1998, § 20, the Department of Correction establish standards for the award of OMPA credit.
Petitioner discussed the matter with his counselor who indicated that he met the basic qualifications for an OMPA application.
The first application filed by petitioner appears to have been rejected because of an erroneous determination that his crime had been committed after October 1, 1994. CT Page 15841
After this misconception had been cleared up, petitioner reapplied for the award. Again the request was denied. The request was forwarded to the commissioner who referred the matter back to the institution where petitioner was confined and again the request was denied.
Evidence has been presented indicating petitioner's excellence conduct while incarcerated with the completion of many programs, mostly excellent work evaluations and few disciplinary tickets. No specific reason was given for the denial of petitioner's OMPA request. The letter, dated May 15, 2000 to petitioner from Major Lahda, probably indicates the reason why OMPA was not awarded. In his letter, Major Lahda states "though I certainly applaud your efforts to try to better yourself, (program completion, good work reports and lack of disciplinary reports) these are anticipated and expected behaviors for the inmate population. Your efforts will be recognized when your eligibility for a level reduction is reviewed but do not lend themselves to an award of OMPA." In this connection it should be that the prison regulations require prisoners such as petitioner to turn in items such as the pen found by petitioner.
It was pointed out that in applying for OMPA, petitioner did not use the approved form which sets forth all of the criteria necessary for such award. If it would be possible for petitioner to refile using the correct form the result possibly could be different.
It is noted that Connecticut General Statutes § 18-98b places the award in the discretion of the commissioner of correction. It may well be that the commissioner has determined that the turning in of the pen as required by regulations was not considered outstandingly meritorious performance.
Section 18-98b vests the commissioner of correction with discretion in awarding OMPA reductions. The statute does not make such awards mandatory. It would appear then that the statute creates no protected constitutional liberty interest in an OMPA award which would give rise to a claim of illegal confinement so as to allow habeas relief. Vincenzo v. Warden, 26 Conn. App. 1932 (1991).
Accordingly, the petition is dismissed.
 ___________________ Joseph J. Purtill, JTR
CT Page 15842